LOUISA F. CALVO, APPELLANT, *v.* THOMAS A. DAVIES, IMPLEADED WITH OTHERS, RESPONDENT.

*Principal and surety — Mortgage — Agreement to extend between holder and grantee covenanting to assume, made without consent of grantor (mortgagor) — discharges mortgagor.*

Where a party by deed assumes the payment of a mortgage executed by his grantor, he becomes the principal debtor, and the relation created between him and his grantor is that of principal and surety. Such deed is notice to a subsequent holder of the mortgage of this relation, and an extension of the time of payment by such holder, even with the express understanding that the bond and mortgage shall remain, in every other respect, unaffected by said agreement, when made without the consent of such grantor, discharges him from all liability to the holder of the mortgage.

The case of *Perkins* v. *Squires* (1 N. Y. S. C., 620), so far as it conflicts with the above, overruled.

APPEAL from an order made at Special Term, sustaining a demurrer to a complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

The action was to foreclose a mortgage on real property, executed March 8, 1869, by the defendant Thomas A. Davies to one Augustus F. Smith for $9,750, made payable March 8, 1872, in accordance with the terms and conditions of a bond accompanying it made by said Davies. The mortgage is now held by the plaintiff by virtue of a certain assignment of the same.

The defendant Thomas A. Davies and his wife, Maria Davies, conveyed the mortgaged premises to the defendant Charles P. Leslie, by deed, dated November 29, 1871, subject to the lien of the mortgage; and the said Charles P. Leslie by the terms of the deed covenanted and assumed to pay the said mortgage.

While Leslie was the owner of the mortgaged premises, the plaintiff, by agreement under seal, dated November 21, 1872, extended the time of the payment of the bond and mortgage until October 15, 1874, providing therein that it was with the express understanding that the said bond and mortgage should remain, in every other respect, unaffected by such agreement.

The defendant Davies, the original bondsman and mortgagor, was not a party to said agreement, and such extension of time was made without his knowledge or consent.

The plaintiff, in her action to foreclose the mortgage, sought to recover judgment against the defendant Thomas A. Davies upon his bond for any deficiency resulting from the sale of the mortgaged premises. To the complaint the defendant Davies interposed a demurrer, that it did not state facts sufficient to constitute a cause of action.

*F. R. Coudert*, for the appellant.

*Henry E. & Julien T. Davies*, for the respondent.

BRADY, J. :

The views expressed by Justice VAN BRUNT are correct. The defendant Leslie having assumed the payment of the mortgage executed by the defendant Davies, became a principal debtor, and the relation created between him and his grantor, Davies, was that of principal and surety. The record of the deed of Davies to Leslie was notice of this relation to the plaintiff herein, who holds the mortgage by assignment. It follows that the plaintiff, having extended the time of payment for Leslie, discharged Davies, the principal. (*Lawrence* v. *Fox*, 25 N. Y., 268 ; *Burr* v. *Beers*, 24 id., 178 ; *Billington* v. *Wagoner*, 33 id., 31, and cases cited ; *Smith* v. *Townsend*, 25 id., 479 ; *Garnsey* v. *Rogers*, 47 id., 233.) The case of *Perkins* v. *Squires* (1 N. Y. S. C., 620), so far as it conflicts with this view, is overruled. The decision in that case, though in seeming collision with the conclusion herein expressed, in fact rests upon the proposition that it did not appear by the answer whether the extended period had expired or not. The surety cannot be affected by any reservation contained in the agreement extending the time, unless he consented to it. The rule is absolute, that there shall be no transaction with the principal debtor without acquainting the person who has a part interest in it. The proposition that the creditor can enlarge the time of payment and protect himself by reserving his rights against the surety in the agreement for the extension, cannot be sustained on principle.

Such a rule would abrogate the correlative one in favor of the surety, that his contract cannot be enlarged without his consent. It would be, if the creditor could make a private agreement with the principal debtor, and legally extend the time of payment by a reservation, without notice to the surety.

The order must be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.